Hugh F. Galvin v. Commissioner.
Galvin v. Commissioner
Docket No. 15049.
United States Tax Court
1948 Tax Ct. Memo LEXIS 151; 7 T.C.M. (CCH) 402; T.C.M. (RIA) 48117; June 28, 1948
*151 Paul E. Waring, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: On March 31, 1947, respondent advised petitioner that the determination of the income and excess profits tax liabilities of Fairfax Operating Corporation for the taxable year ended December 31, 1943, disclosed an over-assessment of $991.30 in income tax and a deficiency of $4,644.89 in excess profits tax and that the amount of such deficiency, plus interest as provided by law, would be assessed against him as transferee of the assets of the Fairfax Operating Corporation. He further advised that to the extent that it represents an overpayment of tax, the over-assessment would be credited in the manner provided by law. On June 30, 1947, petitioner filed his petition in this Court alleging numerous errors but not denying that he was a transferee of assets of Fairfax Operating Corporation. Respondent duly filed his answer denying error in his determinations and affirmatively alleging that on the same date of his determination against petitioner, respondent mailed a notice of deficiency to Fairfax Operating Corporation notifying it of a deficiency in excess profits tax for the *152 year 1943 in the amount of $4,644.89 and that the Fairfax Operating Corporation had filed its petition with this Court appealing from said deficiency, the proceeding being assigned docket No. 15050. Respondent further alleged that during the years 1940 to 1943, inclusive, the Fairfax Operating Corporation transferred and distributed all its income and other assets to its stockholders without consideration and that the assets received by petitioner as a stockholder included property having a value, together with cash received, in excess of the tax liability of Fairfax Operating Corporation, plus statutory interest as provided by statute. He further alleged that immediately after the aforesaid transfers and distributions to the petitioner, Fairfax Operating Corporation had no assets of any kind and that the deficiency determined against said company, plus statutory interest, was due and unpaid. On October 16, 1947, respondent filed a motion under Rule 18 of this Court's Rules of Practice and Procedure alleging that no reply had been filed by petitioner to respondent's answer within the time provided by Rule 15 of the Court's Rules; that since the affirmative allegations set forth in *153 respondent's answer had not been denied, it was requested that an order be entered that these undenied allegations be deemed to be admitted as provided by Rule 18 of the Court's Rules. On October 20, 1947, an order to show cause why the prayer of respondent's motion, filed October 16, 1947, should not be granted was entered by this Court and on November 12, 1947, such order to show cause was made absolute and respondent's motion was granted. On May 24, 1948, pursuant to due notice, this proceeding, together with the proceeding of Fairfax Operating Corporation, Docket No. 15050, was duly called for hearing, at which time there was no appearance for either petitioner. Counsel for respondent thereupon moved in Docket No. 15050 for a decision against petitioner for failure to prosecute, which motion was duly granted and the proceeding dismissed and decision entered that there was a deficiency in excess profits tax for the fiscal year 1943 in the amount of $4,644.89. At the same time counsel for respondent moved for a judgment on the pleadings in the proceeding in docket No. 15049 and that petitioner, Hugh F. Galvin, be held liable as transferee of the assets of Fairfax Operating Corporation *154 in the amount set forth in the notice of deficiency, plus the statutory interest thereon. On the above facts and the pleadings in this case we find that petitioner is a transferee of assets of Fairfax Operating Corporation in an amount in excess of the deficiency of $4,644.89 due from Fairfax Operating Corporation for the year 1943 and that accordingly petitioner is liable at law or in equity in the amount of such deficiency and statutory interest thereon. Decision will be entered for the respondent.